Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Vahan Mikayelyan, SBN 337023
vh@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff and all others
similarly situated

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA WOOD, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAXIM HEALTHCARE STAFFING, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF FAIR LABOR STANDARDS ACT;**<br>**(2) FAILURE TO PAY OVERTIME;**<br>**(3) FAILURE TO PROVIDE REST BREAKS;**<br>**(4) FAILURE TO PROVIDE MEAL BREAKS;**<br>**(5) FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS; AND**<br>**(6) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"), Bus. & Prof. Code § 17200 et seq.** |

Plaintiff Cynthia Wood ("Plaintiff") brings this class and collective action against Defendant Maxin Healthcare Staffing, Inc., and Does 1 through 10, and respectfully alleges the following:

## NATURE OF THE ACTION

1. This is a collective and class action under federal and California state law for wage and labor violations arising out of Defendant Maxin Healthcare Staffing, Inc.'s ("Defendant") failure to pay Plaintiff and class members for overtime at their regular rate of pay, failure to provide meal and rest breaks, and associated labor violations. As set forth herein, Defendant operates a national healthcare professional staffing company, and has a policy of failing to pay overtime based on all nondiscretionary income Plaintiff and class members received. Plaintiff worked for Defendant in California as a nurse, and did not receive overtime pay at the legal rate, and did not receive lawful meal and rest breaks. Plaintiff brings this action on behalf of herself and all others similarly situated, and seeks compensatory, statutory and other damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court, the parties are from different states, and the action presents a federal question. The acts and omissions complained of in this action took place in part in the State of California. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## PARTIES

3. Plaintiff Cynthia Wood is a resident of Florida, who is employed by Defendant as a nonexempt hourly nurse, performing services in California at the San Joaquin General Hospital, from February 2022 to the present.

4. Plaintiff is informed, believes, and thereon alleges that Defendant Maxim Healthcare Staffing, Inc. is a staffing company, headquartered in Maryland, and which is

authorized to transact and is actually transacting the business of health care staffing throughout California and the rest of the United States.

5. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

6. Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Defendant is a staffing company that employs hourly health professionals for travel assignments at health care providers throughout the United States.

8. Plaintiff is employed by Defendant as a nurse at San Joaquin General Hospital, from February 2022 to the present.

9. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff and the class are not paid their regular rate of pay for overtime. Plaintiff and the class receive nondiscretionary compensation for: (1) working more shifts than they are contracted for; and (2) for housing. Defendant fails to account for this nondiscretionary compensation in

Plaintiff and class members' regular rate of pay.

10. Plaintiff is informed and believes, and on that basis alleges, that class members contract with Defendant to work a certain number of shifts per week. Plaintiff contracted with Defendant to work three (3) shifts per week. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff and class members receive nondiscretionary bonuses, in addition to their regular pay, for, among other things, working extra shifts. Plaintiff's extra shift bonus was $400 for each additional shift, in addition to regular pay. Plaintiff is informed and believes, and on that basis alleges, that class members also had similar per extra shift bonuses.

11. Plaintiff is informed and believes, and on that basis alleges, that class members receive a housing benefit as part of their nondiscretionary employment compensation with Defendant. Defendant's pay policy, as stated in Defendant's Travel Assignment Agreement, with respect to the housing benefit, is that it paid for a "minimum number of weekly work hours." Plaintiff is informed and believes, and on that basis alleges, that the housing stipend was contingent upon class members working their minimum required number of hours each week, and if class members failed to work their minimum number of weekly required hours, the housing benefit is clawed back through a "housing charge back."

12. Defendant fails to calculate Plaintiff and class members' nondiscretionary compensation, including for working extra shifts and/or for housing, in Plaintiff and class members' regular rate of pay when calculating overtime. For example, for the pay period from February 27, 2022 to March 5, 2022, Plaintiff's paystub provides that she worked 40 hours of regular time at $94 dollars per hour, 20 hours of overtime at $141 per hour, and .5 hours of double time at $188 per hour. The paystub also reflects that Plaintiff received a nondiscretionary bonus for working extra shifts during this pay period of $800, and a housing stipend of $980, neither of which was accounted for in Plaintiff's regular rate of pay when calculating Plaintiff's overtime rate.

13. Defendant's "Travel Assignment Agreement" with Plaintiff states "[o]vertime is paid at a rate of 1.5 times the base hourly rate and double-time is paid at a rate of 2 times the base hourly rate." This is Defendant's standard contract, and Plaintiff is informed and believes, and on that basis alleges, that the same or similar pay policy applies and/or overtime is calculated and paid in the same manner, to all class members. Defendant's pay plan excludes non-base pay, like the nondiscretionary compensation for working extra shifts and for housing, from Plaintiff and class members' overtime pay calculations.

14. Plaintiff is informed and believes, and on that basis alleges, that Defendant's employees were regularly employed in in shifts that were understaffed, and Defendant failed to provide Plaintiff and class members with legally compliant meal and rest periods. Plaintiff is informed and believes, and on that basis alleges, that a break nurse is needed to relieve class members for breaks, and was often not able to provide the required breaks. As an example, on March 1, 2022, in violation of California law, Plaintiff did not receive a second or third rest break, although she worked a shift that required such break, and this happened regularly.

15. Defendant also fails to pay Plaintiff and class members at their regular rate of compensation for missed meal and rest breaks, as required by California Labor Code section 226.7. For instance, Plaintiff's pay stub of February 27, 2022 to March 5, 2022, reflects $427 for missed meals. Plaintiff is informed and believes, that this amount failed to account for nondiscretionary pay, including extra shift bonuses and housing payments.

16. In violation of Labor Code § 226(a), Defendant has issued false and inaccurate wage statements which fail to account for all Plaintiff and other non-exempt employees' wages earned, including overtime and premium pay for missed meal or rest breaks.

17. Defendant's conduct violated, and/or Plaintiff and the class can recover pursuant to, among other statutes and/or regulations, Labor Code §§ 204, 218.5, 226, 226.3, 226.7, 510, 512, 1194, as well as IWC Wage Order No. 5-2001.

18. Defendant's conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendants have failed to pay minimum overtime wages, failed to provide meal and rest breaks, failed to pay all wages owed each pay period, failed to provide timely and accurate wage statements, failed to pay all wages owed upon termination, and engaged in unfair competition.

**REPRESENTED PARTIES UNDER FLSA COLLECTIVE ACTION**

19. Plaintiff brings the FLSA claim on behalf of herself and all non-exempt employees of Defendant in the United States at any time beginning three (3) years prior to the filing of the initial complaint in this action, who received nondiscretionary compensation not included in the regular rate of pay for overtime, including but not limited to, nondiscretionary compensation for extra shift bonuses and/or housing benefits (hereinafter "FLSA Class").

**CLASS ALLEGATIONS**

20. Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> California Class: All current or former nonexempt employees of Defendants who were staffed to work in California, at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class.

21. All causes of action are pled and pursued on behalf of the California Class, except the first cause of action for violation of the Federal Labor Standards Act, which is pled and pursued on behalf of the FLSA Class. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

22. This action has been brought and may be properly maintained as a class action pursuant to the provisions of California's class action statute, and other applicable

law.

23. **Numerosity of the Class:** Members of the California Class so numerous, and plaintiff is s informed believe exceed 50 persons. The precise number of the Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

24. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

   a. Whether Plaintiff and each member of the Class were paid their regular rate of pay for overtime;
   b. Whether Defendants violated the Federal Labor Standards Act by failing to pay overtime wage at their regular rate of pay;
   c. Whether Defendants violated California law by failing to pay Plaintiff and the members of the Class overtime wage at their regular rate of pay;
   d. Whether Defendants failed to provide for and/or properly compensate Plaintiff and the members of the Class for rest breaks as required by California law;
   e. Whether Defendants failed to provide for and/or properly compensate Plaintiff and the members of the Class for meal breaks as required by California law;
   f. Whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein.
   g. The nature and extent of class-wide injury and the measure of damages for the injury.

25. **Typicality**: Plaintiff's claims are typical of the claims of the members of the class she seeks to represent because Plaintiff, as a nurse assigned to work at San Joaquin General Hospital by Defendant, was exposed and subjected to the same unlawful business

practices as other employees of Defendant during the liability period. Plaintiff and the members of the classes sustained the same types of damages and losses.

26. **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because his interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and his counsel.

27. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

28. The Class should also be certified because:

 a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

 b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Violation of 29 U.S.C. §§ 201, *et seq.*)
(By Plaintiff And The FLSA Class Against All Defendants)

29. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

30. At all relevant times, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203 and grossed more than $500,000 in each of the last three calendar years. At all relevant times herein, Plaintiff and the FLSA Class has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

31. The FLSA regulates, among other things, the payment of minimum and overtime wages by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

32. Defendant is subject to the FLSA's minimum and overtime wage requirements because it is in interstate commerce and its employees are engaged in commerce.

33. Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $7.25 per hour, effective July 24, 2009.

34. Defendant pay plan applicable to all members of the FLSA class pays overtime based on an employees base pay, and excludes nondiscretionary pay for extra shifts and housing. This fails to pay overtime at Plaintiff and other similarly situated employees' regular rate of pay, in violation of the FLSA. Defendant knew or should

have known that its compensation policy and methodology failed to compensate the employees for overtime in compliance with the FLSA.

35. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum overtime wage to Plaintiff and other similarly situated employees.

36. Plaintiff and all of the FLSA Class are victims of a single, similarly applied employer-based compensation policy. In violation of the FLSA, that policy has been applied, and continues to be applied, to the FLSA Class.

37. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum overtime wage minus *actual* wages received, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

38. Defendant have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid minimum overtime wages. Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum overtime wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

39. As a result of the aforesaid willful violations of the FLSA's minimum overtime wage provisions, minimum overtime wage compensation has been lawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

40. Attached hereto is the consent to sue form signed by Plaintiff in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other FLSA Class

members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

## SECOND CAUSE OF ACTION
**FAILURE TO PAY ALL OVERTIME AND DOUBLE TIME WAGES**
**(Violation of *Labor Code*§§ 510 and 1194; Wage Order No. 5-2001, § 3)**

41. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

42. California *Labor Code* §510 provides that, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee…."

43. Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

44. Section 3 of Wage Order No. 5-2001 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work overtime hours.

45. At all times relevant hereto, Plaintiff and class members were non-exempt for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage Order No. 5-2001.  In addition, during the Class period, Plaintiffs and other members of the class consistently worked overtime without receiving overtime pay at their regular rate of pay, in compliance with California law..

46. Plaintiff and the Class seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial, as well as attorney's fees and costs.

# THIRD CAUSE OF ACTION
## UNLAWFUL FAILURE TO PROVIDE REST PERIODS
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 5-2001, § 12)**
**(By Plaintiff And The California Class Against All Defendants)**

47. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

48. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

49. IWC Order No.5-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages."

50. IWC Order No. 5-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

51. Plaintiff and class members were not provided rest breaks, and were not paid for missed rest breaks at their regular rate of compensation, as alleged herein. By their actions, Defendants violated § 12 of IWC Wage Order No. 5-2001 and California Labor Code § 226.7, and are liable to Plaintiff and the Class.

52. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

53.     As a direct and proximate result of Defendants' unlawful action, Plaintiff and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with timely and/or paid rest periods.

**FOURTH CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 5-2001, § 11)**
**(By Plaintiff And The California Class Against All Defendants)**

54.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

55.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

56.     IWC Order No. 5-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

57.     Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period

may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

58. As alleged herein, Defendant failed to authorize and permit uninterrupted meal breaks during the Class period, and failed to pay for missed meal breaks at Plaintiff and class members regular rate of compensation. Plaintiff and members of the Class were routinely required to work for five hours or more within California, without an uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence, and without payment of compensation in compliance with Laboe Code section 226.7(c).

59. By its actions in requiring its employees to work through meal periods and/or its failure to for meal period violations at the regular rate of compensation, Defendant has violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 5-2001, and is liable to Plaintiff and the Class.

60. As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code § 226.7(b) and § 11 of IWC Wage Order No. 5-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide its employees with timely statutory off-duty meal periods.

**FIFTH CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §§ 226 and 226.3)**
**(By Plaintiff And The California Class Against All Defendants)**

61. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

62. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the

employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

63.     Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

64.     Plaintiff is informed, believe and thereon alleges that at all times relevant Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff, and class members with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226 (a), in that the payments owed to Plaintiff and the members of the Class for unpaid wages, meal and rest break violations, were not included in gross wages earned by Plaintiff and the Class.

65.     Defendants' failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for meal and rest periods, for overtime worked

without proper pay.

66. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the class in violation of Labor Code § 226(a), Plaintiff and the members of each Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

## SIXTH CAUSE OF ACTION
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
(Violation of California's Unfair Competition Law
Bus. & Prof. Code §§ 17200 *et seq.*)
(By Plaintiff And The California Class Against All Defendants)

67. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

68. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

69. Through its action alleged herein, Defendants has engaged in unfair competition within the meaning of the UCL. Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

70. Defendants' unlawful conduct under the UCL includes, but is not limited to, violating Labor Code §§ 201, 202, 203, 226(a), 226.7, 226.8, 512, 1194, 2802, California Wage Order No. 9-2001, and the other statutes and regulations alleged herein. Defendants' unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise compensate Class members, as alleged herein. Defendants' fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

71. Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendants' conduct.

72. Plaintiff and the Class seek restitutionary disgorgement from Defendants,

and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment and/or orders against Defendants as follows:

A. An order allowing other similarly situated employees to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

B. Declare and find that Defendants violated FLSA, 29 U.S.C. § 201, et seq. by failing to pay Plaintiff and other similarly situated employees overtime wages in compliance with the FLSA;

C. An award of damages in the amount of unpaid overtime wages to the FLSA Class;

D. Liquidated damages for the FLSA Class;

E. An order that this action may proceed and be maintained as a class action as to the California Class;

F. For all unpaid overtime wages and liquidated damages due to Plaintiff and each California Class member on their overtime wage claim;

G. For one hour of wages at Plaintiff and each California Class members' regular rate of compensation each rest break violation pursuant to Labor Code §226.7(c);

H. For one hour of wages at Plaintiff and each California Class members' regular rate of compensation each meal break violation pursuant to Labor Code §226.7(c).

I. For statutory penalties under Labor Code § 226(e);

J. An order requiring Defendants to comply with Labor Code § 226(a) with respect to all currently employed employees;

K. For restitutionary disgorgement pursuant to the UCL to Plaintiff and the California Class;

L. An order enjoining Defendants from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.*, and requiring them to comply with the FLSA;

M. Prejudgment interest at the maximum legal rate;

N. Reasonable attorneys' fees;

O. Accounting of Defendants' records for the liability period;

P. General, special and consequential damages, to the extent allowed by law;

Q. Costs of suit; and

R. Such other relief as the Court may deem just and proper.

DATED: May 20, 2022                    **HAFFNER LAW PC**

By: /s/ Joshua H. Haffner
Joshua H. Haffner
Vahan Mikayelyan
Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class members on all claims so triable.

DATED: May 20, 2022

By: /s/ Joshua H. Haffner
Joshua H. Haffner
Vahan Mikayelyan
Attorneys for Plaintiff and others
 Similarly situated

**COMPLAINT**

## CONSENT TO BECOME A PARTY PLAINTIFF

### Fair Labor Standards Act, 29 U.S.C. 216(b)

I hereby consent to be a party plaintiff and collective and class representative in an action to be filed against Maxim Healthcare Staffing, for violations of the Fair Labor Standards Act, 29 U.S.C. §§201-291, and any other applicable federal and state laws.

Name: Cynthia M Wood

Address: 13959 Marine Dr

City: Orlando  State: FL  Zip: 32832

Signature: *[signed]* Cynthia Wood  Date: 5/5/22